UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOHAMED BANEMOU,

                      Petitioner,

v.

UNKNOWN PARTY et al.,

                      Respondents.

_____/

Case No. 1:26-cv-1770

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9.) In an Order entered on June 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April 1, 2026, bond hearing on June 9, 2026, (Resp., ECF No. 5; Recording of Apr. 1, 2026, Bond Hearing, filed on Jun. 1, 2026), and Petitioner filed his reply on June 12, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Mauritania who entered the United States in 2023. (Pet., ECF No. 1, PageID.3); Op., *Mohamed Banemou v.Unknown Party* (*Banemou I*), No. 1:26-cv-866 (W.D. Mich. Mar. 26, 2026) (ECF No. 6.). On February 16, 2026, Petitioner was arrested by ICE in Chicago. Op., *Banemou I* (ECF No. 6).

On March 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Banemou I*. In *Banemou I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Banemou I*, (W.D. Mich. Mar. 26, 2026) (ECF Nos. 6, 7).

On April 1, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order, ECF No.1-2, PageID.14.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." (*Id.*)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.      Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**V.       Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:   _____June 16, 2026_____          ___/s/ Jane M. Beckering_____
                                            Jane M. Beckering
                                            United States District Judge